M. Beatrice Donovan, Respondent, v. Aeolian Company, Appellant.— Motion for leave to appeal to the Court of Appeals denied. Stay continued until the granting or final refusal by the Court of Appeals of leave to appeal. Present — Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ.

Dutchess Bleachery, Inc., Respondent, v. Village of Wappingers Falls and Others, Appellants.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ.

Clarence H. Fay, as Trustee, Appellant, v. Annette T. Rubinstein, Respondent.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Motion for stay denied. Present — Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ.

In the Matter of the Application of the Richmond County Bar Association in Respect of Louis J. Feinstein, Also Known as Lewis J. Feinstein, an Attorney and Counselor at Law.— When respondent was suspended by this court, he was plainly admonished that the utmost frankness was essential in the presentation by an attorney of the situation which brought him before the court. Despite the warning, respondent, on his application for reinstatement, deliberately suppressed the fact that he had been held in contempt of court by the Supreme Court of New York county for failure to pay to his wife alimony which he had been ordered to pay. Undoubtedly this was done for fear of disclosing to this court the life he was leading at the time with another woman. Such conduct would require the revocation of the order reinstating respondent, if that were necessary. But other charges have been presented against respondent. Proof before the official referee clearly shows that respondent attempted to deceive the Supreme Court, New York county, on applications made by him to be relieved of the burden of his alimony obligations. He represented to that court in February and March of 1933 that he was penniless and unable to meet the required payments, even though they had been substantially reduced. At the same time he was supporting another woman, by whom he had a child on March 2, 1933. He was paying the rent of a house in New Jersey, and paid hospital and doctors' bills, and undoubtedly spent other moneys for the support and maintenance of this woman and her child. For these derelictions, respondent must be disbarred. He has had his opportunity and has failed. In view of this determination, proceedings for the revocation of the order of reinstatement are dismissed; in other respects the reports of the official referee are confirmed, and the respondent is disbarred. Present — Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ.

In the Matter of the Application of James V. Petrillo, Appellant, for a Mandamus Order against John Lynn, as Comptroller of the City of Mount Vernon, New York, Respondent.— Motion to resettle order so as to amend the decision of this court dated March 15, 1935 [243 App. Div. 796], granted; and the order of this court dated March 15, 1935, is resettled so as to provide that the petitioner be forthwith reinstated to his position and that he receive compensation from the time of his unlawful removal to the time of his reinstatement. Present — Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ. Settle order on notice.

Sarah Kurland and Another, Respondents, v. Samuel Kaplowitz, Appellant, and Another, Defendant.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ.